JACK HARRIS, plaintiff in error, vs. J. B. NICHOLS, defendant in error.

[1.] To sustain a motion for Magistrates to amend their return to a writ of certiorari, which from their certificate seems to be full, there must be an affidavit of its incompleteness.

[2.] Plea of failure of consideration may be sustained against the transferee of a note, who takes it with a full knowledge of the contract, and that the consideration is liable to fail.

Certiorari, from Catoosa Superior Court. Decision by Judge TRIPPE, at May Term, 1858.

Jack Harris, the plaintiff in error, brought suit in a Justice's Court against J. B. Nichols, on a thirty dollar note. Upon the trial on appeal, in the Justice's Court, the jury found for the defendant, and plaintiff excepted to said verdict, and applied for a certiorari, on the following grounds:

1st. Because the jury found contrary to the evidence.

2d. Because the jury found contrary to law.

3d. Because the Justice permitted the defendant to prove a contract that had been abandoned by both parties, and a new contract entered into.

4th. Because the Justice permitted a juryman to sit on the case who had expressed an opinion, who was excepted to, and exception overruled.

5th. Because the Justice permitted a juror to set on the case who had before been summoned and empannelled to try the cause at a previous term of the Court, who was excepted to, and exception overruled.

The certiorari issued, and the Justices transmitted their answer, together with a certified copy of the proceedings and evidence had before them in the cause.

The cause came on for hearing in the Superior Court, and upon defendant's counsel's reading the answer of the Justices, counsel for plaintiff (Harris,) objected to the same, on the ground, that it was not full and did not contain all the facts

and the evidence on the trial before them; and that the transcript of the record certified to and sent up, was not full and complete, and moved that said Justices be ordered and required to answer over.

The Court refused the motion, and dismissed the certiorari, and affirmed the verdict and judgment of the Justice's Court. And counsel for plaintiff excepted.

H. J. Sprayberry, for plaintiff in error.

A. T. Hackett and J. T. McConnell, *contra.*

*By the Court.*—McDonald, J. delivering the opinion.

[1.] The record furnishes no evidence that the return of the Magistrates is not full and complete. It does not sustain the petition of the plaintiff, but inasmuch as it is not controverted by affidavits, and inasmuch as there was no affidavit that the answer was not full and complete, to sustain the motion to answer more fully, the presiding Judge in the Court below, must be supported in the view he took of that branch of the case. The Magistrates say that they attach a copy of their proceedings and the evidence, which must be taken, as true, until the contrary appears.

[2.] There was abundant evidence to support the verdict. The note was given for corn, and payable to J. Elerson, or bearer, who transferred it to Jack Harris, the plaintiff. He not only received the note with a knowledge of the consideration for which it was given, but as there was some doubt about the corn for which it was to be given, he said to the principal in the note, "he need not mind to give his note, for if he did not get the corn he would not have to pay for it." The corn was subsequently levied on by a constable, with executions against the payee, and sold, and the defendant got none of it. The jury found for the defendant and

the Judge of the Superior Court refused to set aside the verdict, and we affirm his judgment.

Judgment affirmed.